Daniel H. Lee (SBN 217001)
**WILSON, ELSER, MOSKOWITZ,**
 **EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone:(213) 443-5100
Facsimile: (213) 443-5101
Email:    Daniel.Lee@wilsonelser.com

Attorneys for Plaintiff
HARTFORD FIRE INSURANCE COMPANY

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## (WESTERN DIVISION)

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> SOLUTIONS GROUP INTERNATIONAL, INC., <br><br> Defendant. | Case No.: 2:20−cv−00308 SVW <br> District Judge: Steven V. Wilson <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF CLERK'S DEFAULT JUDGMENT IN SUM CERTAIN PURSUANT TO FED. R. CIV. P. 55(B)(1)** <br><br> *[Filed concurrently with: Declaration of Daniel H. Lee; Declaration of Michele Moran;[Proposed] Order]* <br><br> Complaint Filed: January 10, 2020 <br> Complaint Served: February 5, 2020 <br> Response Date: February 26, 2020 |

**TO THE CLERK OF THE COURT:**

    PLEASE TAKE NOTICE that plaintiffs HARTFORD FIRE INSURANCE COMPANY, ("Plaintiff" or "The Harford") hereby move's that the Clerk enter a default judgment in a sum certain against defendant SOLUTIONS GROUP INTERNATIONAL, INC. ("Defendant") pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure.

1

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ENTRY OF THE CLERK'S DEFAULT JUDGMENT IN A SUM CERTAIN PURSUANT TO FED.R.CIV.P 55(A)**

3602012v.2

This Motion is made on the grounds that Defendant has failed to answer, plead, or otherwise respond to Plaintiffs' Complaint [*see* Fed. R. Civ. P.  Rule 12(a)(1)(A)(i)], as served by substituted service on Defendant's Agent For Service of Process on February 5, 2020 pursuant to Fed. R. Civ. P. Rule 4(h)(1)(B).

This Motion is based upon this Notice, the Memorandum of Points and Authorities and the supporting Declarations of Daniel H. Lee and Michele Moran, and the supporting Exhibits filed herewith, and all pleadings, records and documents filed in this action, and such other oral and written evidence and argument as may be presented to the Court prior to its ruling on this Motion.


Respectfully submitted,


Dated: April 7, 2020                    **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**


By: _/s/ Daniel H. Lee_
     Daniel H. Lee
     Attorney for Plaintiff
     HARTFORD FIRE INSURANCE COMPANY

3602012v.2

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff HARTFORD FIRE INSURANCE COMPANY ("Hartford") by and through their undersigned attorneys, hereby request that the Clerk enter a default judgment in a sum certain against Defendant SOLUTIONS GROUP INTERNATIONAL, INC. ("Defendant") pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure, and respectfully state as follows:

Plaintiff commenced this action on January 10, 2020, by the filing of a Complaint against Defendant (*see* **Docket No. 1**). Plaintiff's Complaint asserts a claim against Defendant to recover the sum of $578,761.00 for premiums owed under Workers Compensation Insurance Policy No. 16-WE-QY5B18 (the "Policy") for the periods of June 21, 2017 to June 21, 2018 and June 21, 2018 to June 21, 2019 at the request of and for the benefit of Defendant.   (Moran Declaration, Paragraph 3).

Pursuant to Federal Rules of Civil Procedure Rule 4(h)(1)(B), Plaintiffs served a copy of the Summons and Complaint on Defendant on February 5, 2020 by substituted service on Defendant's registered agent for service of process, as evidenced by the Certificate of Service of Summons on file with this Court. (*See* **Docket No. 10**; *see* Fed. R. Civ. P. 4(h)(1)(B) [stating that plaintiff must serve defendant by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant]). On the same day, Plaintiffs mailed a copy of the Summons and Complaint to Defendant's agent of service of process after the substituted service, as evidenced by the proof of service by mail on file with this Court, (*see* **Docket No. 10**, Fed. R. Civ. P. 4(h)(1)(B), *supra*).

Pursuant to Federal Rules of Civil Procedure Rule 12(a)(1)(A)(i), Defendant was required to serve an answer or otherwise respond to the complaint

**PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT**

3602012v.2

by February 26, 2020. (*See* Fed. R. Civ. P. 12(a)(1)(A)(i) [stating that defendant must respond to the complaint within 21 days after service]). **<u>Defendant has failed to timely do so here.</u>** Accordingly, at the request of Plaintiffs, the Clerk of this Court entered a default for Defendant on March 20, 2020. (*see* **Docket No. 14**).

Defendant is a corporation and thus is not an infant or incompetent person, and is not subject to the Servicemembers Civil Relief Act. (50 U.S.C. App. § 521).

No further notice or hearing is required since Hartford is entitled to the entry of the default judgment in a sum certain pursuant to Fed. R. Civ. P. Rule 55(b)(1).

Rule 55(b)(1) of the Federal Rules of Civil Procedure states as follows:

> **(b)    *Entering a Default Judgment.***
>
> **(1)    *By the Clerk.*** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent. Fed. R. Civ. P. 55(b)(1).

As more fully set forth in the Declaration of Michele Moran submitted herewith, the sum certain due and owing to Hartford by Defendant, not including interest, is for $578,761.00. In particular, pursuant to the Final Insurance Bill (*see* Complaint, Ex. A), the total unpaid premiums owed by Defendant to Hartford under the Policy equals the sum certain of $578,761.00. This amount was due on November 18, 2019, and has not been paid to Hartford. (*see* Moran Declaration, Paragraph 5).

As more fully set forth in the Declaration of Daniel H. Lee submitted herewith, the sum certain due and owing to Hartford by Defendant for pre-judgment interest at the rate of 10% per annum is $578,761.00, and which will

continue to accrue at the per diem rate of $158.56 until judgment is entered.

Based on the foregoing, Hartford submits that it is entitled to the entry of a default judgment against Defendant in the sum of $578,761.00, plus per diem interest through the entry of judgment.

**WHEREFORE**, Plaintiffs respectfully requests that the Clerk grant this Motion and enter the proposed Default Judgment submitted herewith against Defendant in the sum certain of $578,761.00, plus per diem interest from and after the date of this motion at the rate of $158.56 per day.

Respectfully submitted,

Dated: April 7, 2020

**WILSON, ELSER,MOSKOWITZ, EDELMAN & DICKER LLP**

By:*/s/ Daniel H. Lee*
Daniel H. Lee
Attorney for Plaintiff
HARTFORD FIRE INSURANCE COMPANY

**PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT**
3602012v.2